## KAUFMAN & RUNGE V. JAMES WICKS.

### IN SUPREME COURT, TYLER TERM, 1884.

*Attachment—Malice.*—If the attaching creditor honestly believes that the debt ex-
isted, and had reasonable and probable cause for that belief, the fact that it did not
exist would not authorize the jury to infer malice.

*Probable Cause.*—Probable cause is a mixed question of law and fact and should
be submitted to the jury under appropriate instructions.

*Fact Case.*—Note this case for evidence held insufficient to support a verdict for
exemplary damages.

Appeal from Robertson County.

According to the case made by the averments of the answer, or
cross bill of appellee, damage for wrongfully suing out the attach-
ment in Louisiana, as well as the malicious resort to that process,
were combined in the same count. The claim for damage for the
wrongful use of the process, and that for the malicious use of the
same is not distinguished one from the other, but it is therein claimed
that the writ was wrongfully and maliciously sued out, and that ap-
pellee was thereby damaged to the amount named, and the case was
in the same manner, submitted by the court to the jury. A general
verdict was returned in terms as follows : " We, the jury, find for
the defendant Wicks damages in the amount of thirty-five hundred
dollars."

In this character of cases it has been frequently remarked by the
appellate courts of this state, that the two elements of damage
ought to be separately presented by the pleadings, that is, each pre-
sented in separate count, and that the jury should be required to
specify in the verdict the amount of exemplary damage found.
When that is not done, the Apellate courts are often embarrased,
and encounter serious difficulties in reviewing the cause upon ap-
peal, while the trial courts are beset with like difficulties in passing
upon motions for new trial. And it is not amiss to remark that the
litigant who thus confuses his case, ought not to be permitted to se-
cure any advantage from such course.

An examination of the answer in this case, however, discloses the
fact that the actual damage recoverable under the same is much less

than the amount found by the verdict. It may, therefore, be assumed that a portion of the amount found is for exemplary damage which could only exist when the writ is maliciously sued out.

The main objection urged against the judgment is that the verdict is not supported by the evidence. Appellee claims that the writ was wrongfully sued out upon the ground that he did not then owe appellants the debt asserted as a basis for the writ. There is no pretence that if there had been a subsisting debt, but that the laws of Louisiana authorized a resort to the writ as appellee was a non-resident of that state. It is also claimed that from the fact that no debt existed, that the jury would be authorized to infer malice. Hence, the first point of inquiry is, does the evidence disclose clearly that appellants had a subsisting debt against appellee as claimed in that case? For if there was no debt, then it matters not how firmly appellants at the time might have believed that it did exist, the resort to the writ would have been wrongful. Culbertson v. Cabeen, 29 Texas 255.

That question was submitted to the jury upon the evidence and the finding negatives the existence of the debt. In such case, to authorize the appellate court to grant relief it must clearly appear from the record that the verdict is wrong. As that question is presented by the record, it is not essential to a disposition of this appeal that it should now be determined.

Upon the other branch of the question, that is, with respect to the exemplary damage, it is a well established rule that if appellants did honestly believe that the debt existed, and had reasonable and probable cause for that belief, the fact that it did not exist would not authorize the jury to infer malice upon the part of the appellants. As has been said, if it were malicious and unfounded, but there was probable cause for suing out the writ, then actual damage only can be recovered. Walcott v. Hendrick, 6 Texas 407; Culbertson v. Cabeen, supra.

But, as heretofore remarked, while malice may be implied from the want of probable cause, still malice cannot be implied if probable cause exist. To illustrate the idea: suppose a creditor should sue out an attachment against his debtor upon the ground that his debtor was about to dispose of his property for the purpose of defrauding his creditors, when in fact there was no probable cause to induce that belief, if other circumstances did not exist which would

repel the presumption, the jury would be authorized to infer malice. But, on the other hand, if probable cause existed, that is, if the facts and circumstances were such as to induce a reasonably cautious person to believe that the debtor was about to dispose of his property, malice could not be implied. And even in the absence of probable cause, the implication of malice might be repelled by facts and circumstances showing a fair and legitimate purpose of the creditor in the honest pursuit of what he believed to be a just claim. Wiley v. Trawick, 14 Texas 662.

Probable cause is a mixed question of law and fact, and should be submitted to the jury under appropriate instructions. In this case the only ground appellee relied upon to show that there was no debt, and hence no probable cause, was that he had instructed the appellant to sell his cotton, which instructions they had disregarded and held his cotton until the market had so declined that the loss was equal in amount to the claim of the appellants against him. It is conceded that appellee did, on January 8, 1876, instruct them to sell his cotton about the twentieth of the month, but on the 15th of the month he wrote them as the market had declined not to sell, etc. On the 18th of March, 1876, appellant advised a sale, to which he replied on the 22nd of March, indicating a desire not to sell, to which appellant answered March 30th that they would comply with his instructions and hold the cotton. Appellee, however, claims that about the last of March, in the town of Rockdale, he told Moeller, an agent of appellants, that he wanted the cotton sold, but was not certain as to the date. This date, however, was very clearly and satisfactorily fixed by Moeller as on the 15th day of March, 1876. Appellee claims that he wrote another letter some time in April, but does not give the contents or state that he directed them therein to sell. There is no controversy that if appellant held the cotton under instructions to that effect, but that the claim sued on in this cause was a just debt, except for the value of four bales of cotton about which there is some controversy.

Under the facts and circumstances disclosed by the record that appellants had probable cause for believing that their claim was a just debt against appellee, at the time the suit was commenced in Louisiana, is, i- seems to us, too clear for controversy. They had previously brought suit to recover it in Milam county, pending which appellee's merchandise was destroyed by fire, and learning of

the insurance money to be paid to him in New Orleans, appellants then sought the writ, and by its aid secured the amount which they claimed to be due them.

We have searched the record in vain to find a single circumstance which would, in the slightest degree, indicate that the resort to the writ by the appellants was not an honest effort to secure what they believed to be a just claim.

Our conclusion is that the verdict is not sustained by the evidence and that the judgment ought to be reversed and the cause remanded.

Reversed and remanded.                                    Watts, J.